38  543
o38  547

CHARLES C. RITTENHOUSE v. C. B. BIGELOW ET AL.

FILED JANUARY 2, 1894.  No. 6477.

Cities of the First Class: TOWNSHIP BOARDS: TAXATION. In cities which contain 10,000 inhabitants the taxes must be equalized by the town board, and the appointment of a clerk of such board is not illegal and unauthorized.*

ORIGINAL application for injunction to restrain the collection of taxes.

*Tibbets, Morey & Ferris,* for plaintiff, cited: *South Platte Land Co. v. Buffalo County,* 7 Neb., 257; *Burlington &*

Overruled. See following case, 38 Neb., 547.

*M. R. R. Co. v. Cass County,* 16 Neb., 138 ; *Touzalin v. City of Omaha,* 25 Neb., 817 ; *Earl v. Duras,* 13 Neb., 234; Sutherland, Statutory Construction, secs. 235, 237, 238.

*George H. Hastings, Attorney General, B. F. Smith,* and *W. P. McCreary, contra,* cited: *McGee v. State,* 32 Neb., 149.

Maxwell, C. J.

This is an action brought by the plaintiff against the defendants to restrain the enforcement of a tax alleged to be void. Hastings is a city which, according to the last census, contained more than 10,000 inhabitants. The county of Adams is under township organization, and Hastings constitutes a township. On the 12th of July, 1893, the township board of Hastings appointed a clerk and treasurer, and taxes were thereupon levied on the property of the city to pay for the services of said officers, and these are the illegal taxes complained of.

Section 4, article 4, chapter 18, Compiled Statutes of 1893, provides : " That in wards of cities of the first and second class, whose limits are co-extensive with precincts, the electors thereof shall only choose supervisors, assessors, and judges and clerks of election." Section 5 of the same chapter provides: " No city of over 6,000 inhabitants shall be included within the corporate limits of any township, but the territory occupied by such city of over 6,000 inhabitants shall constitute a town by the name of such city for the purpose of town meetings and organization as hereinafter provided." Section 42 of the same is as follows : "Assistant supervisors, and supervisors elected in the cities of the first and second class, shall have no power or duties as town officers, but shall be members of the county board of their respective counties, and shall have and enjoy the same powers and rights as other members." Section 62 provides : " None of the provisions of this act in regard to

meeting of electors of their respective towns and their powers shall apply to towns whose limits are co-extensive with cities of the first and second class, but such cities and the inhabitants thereof shall continue to be governed by the laws specially applicable thereto, with such power only as conferred by law or election in the choosing of supervisors, assessors, judges and clerks of election, and other county officers."

Section 62, article 1, chapter 18, is as follows: "The county boards of the several counties in this state that may adopt township organization shall be composed of the supervisors of the organized townships thereof, and the supervisors from the cities of the first and second class and villages; such supervisors shall hold two regular meetings in each year at the county seat in their respective counties, for the transaction of general business as a board of supervisors. They may hold special meetings at such times as they may find convenient, and shall have power to adjourn from time to time as they may deem necessary. They may also hold such other meetings as are by law provided."

In 1891 the legislature amended the general election law by providing that "in counties under township organization one town clerk, one town treasurer, three judges and two clerks of election, one assessor, and one overseer of highways in each road district shall be elected annually thereafter; and two justices of the peace and two constables shall be elected at said election and every second year thereafter, except as hereafter in this section provided; and at said election one supervisor shall be elected in each township," etc. "In each city and village having 1,000 inhabitants or over, one supervisor for each 4,000 inhabitants therein, one asssesor, three judges and two clerks of election."

Section 148, article 1, chapter 14, Compiled Statutes, provides: "That in all cities of the second class in the state in counties under township organization and in counties that may come under such organization, the city coun-

39

cil and supervisors of such cities shall constitute a board of equalization for such city, whose duty it shall be to meet and equalize the assessments of such city at the same time and in the same manner as now provided by law for townships in counties under township organization."

Section 62, chapter 77, is as follows : " In counties under township organization the assessor, with his assessment book and the schedules and statements of property by him assessed, together with the town board, shall meet on the first Monday of June, for the purpose of reviewing the assessment of property of said town. And on the application of any person considering himself aggrieved, or who shall complain that the property of another is assessed too low, they shall review .the assessment and correct the same as shall appear to them just. No complaint that another is assessed too low shall be acted upon until the person so assessed, or his agent, shall be notified of such complaint, is a resident of the county." There is also a provision " that in each town the supervisor, town clerk, and justices of the peace of the town shall constitute the town board." It will thus be seen that there is no special provision for equalizing assessments in cities of the first class, which Hastings is. Section 62, chapter 77, therefore provides the only mode for equalizing taxes in cities of the first class having 10,000 inhabitants. The plaintiff, therefore, is not entitled to any relief, so far as the action relates to the clerk, and the action is

DISMISSED.