CHARLES C. RITTENHOUSE V. C. B. BIGELOW ET AL.

FILED APRIL 3, 1894.   No. 6477.

1. **Cities of the First Class**: TOWNSHIP BOARD: TAXATION. There is no authority of law for the election, appointment, or existence of a township board, nor for the election or appointment of a township treasurer or township clerk in a township, when such township is a city of the first class having more than ten thousand and less than twenty-five thousand inhabitants.

2. *Rittenhouse v. Bigelow*, 38 Neb., 543, overruled.

REHEARING of preceding case, 38 Neb., 543.

RAGAN, C.

This is a rehearing of *Rittenhouse v. Bigelow*, 38 Neb., 543, an action brought originally in this court, and decided January 2, 1894.   The suit was brought to perpetually enjoin the county clerk and county treasurer of Adams county from extending upon the public records and collecting certain taxes levied by an alleged township board of Hastings township.   Adams county is under township organization; the city of Hastings is situate therein, and is a city having more than ten thousand and less than twenty-five thousand inhabitants, and such city constitutes Hastings township.

The sole question presented by the record in this case is: Is there any authority of law for the existence of a township board in Hastings township?   If no express statutory provisions existed affording a negative answer to the question, we are of opinion that the statutes governing cities of the subclass to which the city of Hastings belongs, and article 4, chapter 18, Compiled Statues, 1893, the township organization act, would afford such a negative answer without a strained construction of such statutes by the courts.   The object of township organization law is to

enable the people of every locality to make rules and reg-
ulations for the government of affairs, local in their nature.
These rules and regulations, or by-laws, as they are some-
times called, in townships are framed by the people in their
collective capacity at meetings called for that purpose;
while the rules and regulations, or ordinances, governing
cities of the subclass to which the city of Hastings be-
longs are framed by delegates or councilmen chosen by the
electors of such cities.   In a township containing a few
hundred inhabitants it is entirely practicable for the voters
in their collective capacity to frame such by-laws as they
may think will best regulate their local affairs; but this
legislation by voters collectively would be wholly imprac-
ticable in a city of ten thousand inhabitants.

But we do not have to depend upon a construction of the
statutes aforesaid for an answer to the question raised by
this record.   By section 4, article 4, of said chapter 18 it
is provided that the electors in wards of cities of the first
and second class, whose limits are co-extensive with a pre-
cinct, shall only choose supervisors, assessors, and judges
and clerks of election.   By section 5 of said article and
chapter it is provided that no city of over six thousand in-
habitants shall be included within the corporate limits of
any township, but that the territory embraced within said
city shall constitute a township by the name of said city.
By section 42 of said article and chapter it is provided
that the supervisors elected in cities of the first class shall
have no power or duties as township officers, but shall be
members of the board of supervisors of the county; and
by section 62 of said article and chapter it is declared that
none of the provisions of the act in regard to the meeting
of electors of the various townships shall apply to town-
ships whose limits are co-extensive with cities of the first
and second class; but that such cities and inhabitants
thereof shall continue to be governed by the laws specially
applicable thereto; reserving, however, to such cities the

power of choosing supervisors, assessors, judges and clerks of election, and other county officers.   These sections of this township law need no construction.   They speak for themselves; and it is perfectly clear that the legislature never intended that the municipal or local affairs of a city of the subclass to which Hastings belongs, though made a township, should be conducted by a township board.   It is true that the act speaks of cities of the first and second class, and the city of Hastings is a city of the first class having more than ten thousand inhabitants and less than twenty-five thousand inhabitants; but the city of Hastings did not cease to be a city of the first class because sub-classed as one having more than ten thousand inhabitants. There is no authority of law for the election, appointment, or existence of a township board as such, nor for the election or appointment of a township treasurer or township clerk in a township, when such township is a city of the first class having more than ten thousand and less than twenty-five thousand inhabitants.   It follows that the levy of taxes made by the township board of Hastings township is void. The former opinion of this court is reversed, and a decree will be entered perpetually enjoining the county clerk and county treasurer of Adams county from extending upon the books of their office and collecting any of the taxes sought to be levied by the said alleged . township board of Hastings township.

DECREE ACCORDINGLY.

POST, J., not sitting.